UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Larry L. Jones, ) | |
| ) | Cr. No.: 8:08-cr-00247-GRA-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on Petitioner Larry L. Jones' ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). For the reasons set forth below, Petitioner's § 2255 Petition is DENIED.

## Standard of Review

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

## Background

On July 29, 2008, Petitioner pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 33. The Honorable William B. Traxler sentenced

Petitioner to 180 months imprisonment and five (5) years of supervised release on October 24, 2008. ECF No. 41. Petitioner did not appeal his conviction and sentence.

Petitioner filed the present Petition on June 10, 2013,[1] asking this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 51. On June 13, 2013, this Court ordered Petitioner to show that his §2255 Petition was timely filed within fifteen (15) days. ECF No. 52. Petitioner filed his response on June 27, 2013. ECF No. 57.

## **Discussion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. This limitations period may be raised *sua sponte* by the Court. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period began to run on Petitioner's § 2255 petition after his judgment of conviction became final. When a defendant chooses not to appeal his federal criminal judgment, the conviction becomes final when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25; *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that a petitioner's conviction became final on the date she declined to pursue further direct appellate review). Under former Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, applicable when Petitioner was sentenced, he had ten (10) days to appeal his conviction and sentence after judgment was entered on October 24, 2008. Fed. R. App. P. 4(b)(1)(A). Petitioner's conviction, therefore, became final on November 3, 2008. Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on November 3, 2009. The current motion was filed by Petitioner on June 10, 2013. Therefore, the motion clearly appears untimely on its face. Petitioner has presented nothing in his response to refute this finding.

However, the AEDPA's one-year time bar can be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). Only rarely will circumstances warrant equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.

2003). Equitable tolling is only appropriate when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In his response, Petitioner does not assert any grounds sufficient enough to warrant equitable tolling. Petitioner's recitation of his First Amendment claim is unavailing and does not present an extraordinary circumstance that would entitle Petitioner to equitable tolling. Moreover, the Court finds unpersuasive for purposes of equitable tolling the fact that Petitioner was transferred between the South Carolina Department of Corrections and federal custody during the one-year limitations period. This transfer in custody does not excuse Petitioner from attempting to pursue his rights diligently, and it does not in itself constitute an extraordinary circumstance that precluded Petitioner from filing a timely habeas petition. Accordingly, the Court finds that Petitioner has failed to prove that he is entitled to the equitable tolling of the AEDPA's one-year statute of limitations.

## **Conclusion**

A review of Petitioner's § 2255 Petition and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Petition. The Court declines to issue a certificate of appealability in this matter.[2]

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section

**IT IS THEREFORE ORDERED** that Petitioner's § 2255 Petition is DENIED.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

July  3 , 2013
Anderson, South Carolina

---

2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).